STERNS & WEINROTH, P.C.
50 West State Street
Suite 1400
Trenton, New Jersey 08607-1298
(609) 392-2100

JONATHAN D. DAVIS, P.C.
99 Park Avenue
Suite 1600
New York, New York 10016
(212) 687-5464
Co-Attorneys for Plaintiffs Coach, Inc.
and Coach Services, Inc.

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |
|---|---|
| COACH, INC. and COACH SERVICES, INC., | DOCUMENT FILED ELECTRONICALLY |
| Plaintiffs, | |
| | **Civil Action No.** |
| vs. | |
| | **COMPLAINT AND DEMAND** |
| OCEAN POINT GIFTS and DOES 1 THROUGH 10, | **FOR TRIAL BY JURY** |
| Defendant(s). | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiffs Coach, Inc. and Coach Services, Inc. (hereinafter collectively referred to

as "Coach"), through their undersigned counsel, Sterns & Weinroth, P.C. and Jonathan D. Davis,

P.C., for their complaint against Defendants allege as follows:

### Nature of the Action

1. This is an action for trademark and trade dress infringement and under the

Lanham Act (15 U.S.C. §§ 1114, 1116, 1117, 1125(a) and (c)); copyright infringement under the

United States Copyright Act (17 U.S.C. § 501 *et seq.*); and trafficking in counterfeit trademarks, under N.J.S.A. § 56:3-13.16, unfair competition under N.J.S.A. § 56:4-1 *et seq.* and unjust enrichment under the common law of New Jersey.

## Jurisdiction and Venue

2.   Jurisdiction over the parties and subject matter of this action is proper in this Court pursuant to 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1331 (actions arising under the laws of the United States), 28 U.S.C. § 1332(a) (diversity of citizenship between the parties), and § 1338(a) (actions arising under an Act of Congress relating to copyrights and trademarks).  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the claims in this Complaint that arise under state statutory and common law.

3.   This Court has personal jurisdiction over Defendants because they are incorporated, conduct business and/or reside in the State of New Jersey.

4.   Venue is properly found in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendants reside in this District, may be found in this District, and/or a substantial part of the events giving rise to the claims in this action occurred within this District.

## Parties

5.   Plaintiff Coach, Inc. is a citizen of the State of Maryland with its principal place of business located at 516 West 34th Street, New York, New York.

6.   Plaintiff Coach Services, Inc. is a citizen of the State of Maryland with its principal place of business located at One Coach Way, Jacksonville, Florida.

7.   Upon information and belief, Defendant Ocean Point Gifts ("Ocean Point") is a citizen of the State of New Jersey with its principal place of business located at 1631 Boardwalk, Atlantic City, New Jersey.

2

8.   Upon information and belief, Defendants DOES 1 through 10 are individual owners and proprietors of Defendant Ocean Point and entities that knowingly contributed to the unlawful activities described below.

9.   Plaintiffs are unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities, named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names.   Plaintiffs will seek leave to amend this Complaint when their true names and capacities are ascertained.   Plaintiffs are informed and believe, and based thereon allege, that said Defendant and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced herein, each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

10. Plaintiffs are informed and believe, and based thereon allege, that at all relevant times herein, Defendant and DOES 1 through 10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and, by their inaction, ratified and encouraged such acts and behavior.   Plaintiff further alleges that Defendant Ocean Point and DOES 1 through 10, inclusive, have a non-delegable duty to prevent such acts and the behavior described herein, which duty Defendant Ocean Point and DOES 1 though 10, inclusive, failed and/or refused to perform.

## The World Famous Coach Brand and Products

11.   Coach was founded more than sixty years ago as a family-run workshop in Manhattan.   Since then, Coach has been engaged in the manufacture, marketing and sale of fine leather and mixed material products including handbags, wallets, accessories, eyewear, footwear, jewelry and watches.   Coach sells goods through its own specialty retail stores, department

3

stores, catalogs and via an Internet website, www.coach.com, throughout the United States and elsewhere.

12. Coach has used a variety of legally-protected trademarks, trade dresses and design elements/copyrights for many years on and in connection with the advertisement and sale of its products (collectively, the "Coach Marks").

13. Coach has expended substantial time, money, and other resources in developing, advertising and otherwise promoting the Coach Marks. As a result, products bearing the Coach Marks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from Coach, and have acquired strong secondary meaning. Coach products have also become among the most popular in the world, with Coach's annual global sales currently exceeding $3 billion dollars.

### The Coach Trademarks

14. Coach is the owner of the following  United States Federal Trademark Registrations (together, the "Coach Trademarks"):

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,088,706 | COACH | 6, 9, 16, 18, 20 and 25 for, *inter alia*, key fobs, eyeglass cases, satchels, tags for luggage, luggage, backpacks, picture frames, hats, gloves and caps. | September 19, 1997 | COACH |
| 3,157,972 | COACH | 35 for retail store services. | October 17, 2006 | COACH |
| 0,751,493 | COACH | 16 and 18 for, *inter alia*, leather goods, wallets and billfolds. | June 23, 1963 | COACH |

4

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,451,168 | COACH | 9 for, *inter alia*, eyeglasses and sunglass cases. | May 15, 2001 | COACH |
| 2,537,004 | COACH | 24 for, *inter alia*, home furnishings. | February 5, 2002 | COACH |
| 1,846,801 | COACH | 25 for, *inter alia*, men's and women's coats and jackets. | July 26, 1994 | COACH |
| 3,439,871 | COACH | 18 for, *inter alia*, umbrellas. | June 3, 2008 | COACH |
| 2,061,826 | COACH | 12 for, *inter alia*, seat covers. | May 13, 1997 | COACH |
| 2,231,001 | COACH | 25 for, *inter alia*, men's and women's clothing. | March 9, 1999 | COACH |
| 2,836,172 | COACH | 14 for, *inter alia*, sporting goods and stuffed toys. | April 27, 2004 | COACH |
| 2,939,127 | COACH | 9 for, *inter alia*, camera cases. | April 12, 2005 | COACH |
| 3,354,448 | COACH | 14 for, *inter alia*, jewelry. | December 11, 2007 | COACH |
| 2,579,358 | COACH | 20 for, *inter alia*, pillows, mirrors and glassware. | June 6, 2002 | COACH |
| 2,074,972 | COACH | 3 and 21 for, *inter alia*, leather cleaning products and shoe brushes. | July 1, 1997 | COACH |
| 2,446,607 | COACH | 16 for, *inter alia*, writing instruments. | April 24, 2001 | COACH |
| 2,291,341 | COACH | 14 for, *inter alia*, clocks and watches. | November 9, 1999 | COACH |
| 1,071,000 | COACH | 18 and 25 for, *inter alia*, women's handbags. | August 9, 1977 | COACH |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 3,633,302 | COACH | 3 for, *inter alia*, perfumes, lotions and body sprays. | June 2, 2009 | COACH |
| 2,534,429 | COACH & LOZENGE DESIGN | 9 for, *inter alia*, eyeglasses, eyeglass frames and sunglasses. | January 29, 2002 | COACH |
| 3,363,873 | COACH & LOZENGE DESIGN | 3 for, *inter alia*, fragrances. | January 1, 2008 | COACH |
| 2,252,847 | COACH & LOZENGE DESIGN | 35 retail services. | June 15, 1999 | COACH |
| 2,291,368 | COACH & LOZENGE DESIGN | 14 for, *inter alia*, jewelry. | November 9, 1999 | COACH |
| 2,666,744 | COACH & LOZENGE DESIGN | 24 for, *inter alia*, bed linens. | December 24, 2002 | COACH |
| 2,534,429 | COACH & LOZENGE DESIGN | 9 for, *inter alia*, eyeglasses, eyeglass frames and sunglasses. | January 29, 2002 | COACH |
| 2,169,808 | COACH & LOZENGE DESIGN | 25 for, *inter alia*, clothing for men and women. | June 30, 1998 | COACH |
| 2,045,676 | COACH & LOZENGE DESIGN | 6, 9, 16, 18, 20 and 25 for, *inter alia*, key fobs, money clips, phone cases, attaché cases, duffel bags, picture frames, hats, caps and gloves. | March 18, 1997 | COACH |
| 1,070,999 | COACH & LOZENGE DESIGN | 18 and 25 for, *inter alia*, women's handbags. | August 9, 1977 | COACH |
| 1,309,779 | COACH & LOZENGE DESIGN | 9, 16 and 18 for, *inter alia*, eyeglass cases and leather goods, such as wallets, handbags and shoulder bags. | December 19, 1984 | COACH |

6

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,035,056 | COACH & LOZENGE DESIGN | 3 and 21 for, *inter alia*, leather cleaning products and shoe brushes. | February 4, 1997 |  |
| 2,983,654 | COACH & LOZENGE DESIGN | 18, 24 and 25 for, *inter alia*, handbags, leather goods, fabrics, swimwear, hats and shoes. | August 9, 2005 |  |
| 2,626,565 | CC & DESIGN (Signature C) | 18 for, *inter alia*, handbags, purses, clutches, shoulder bags, tote bags, and wallets. | September 24, 2002 |  |
| 2,822,318 | CC & DESIGN (Signature C) | 24 for, *inter alia*, fabric for use in the manufacture of clothing, shoes, handbags, and luggage. | March 16, 2004 |  |
| 2,832,589 | CC & DESIGN (Signature C) | 14, 16, 18, 20, 24, 25, 4, 6 and 9 for, *inter alia*, sunglasses and eye glass cases, leather goods. | April 13, 2004 |  |
| 2,832,740 | CC & DESIGN (Signature C) | 28 for, *inter alia*, stuffed animals. | April 13, 2004 |  |
| 2,592,963 | CC & DESIGN (Signature C) | 25 for, *inter alia*, clothing. | July 9, 2002 |  |
| 2,822,629 | CC & DESIGN (Signature C) | 35 for retail services for, *inter alia*, handbags, small leather goods, jewelry and watches. | March 16, 2004 |  |
| 3,012,585 | AMENDED CC & DESIGN (Signature C) | 18, 24 and 25 for, *inter alia*, handbags, purses, fabrics and clothing. | November 8, 2005 |  |

7

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 3,396,554 | AMENDED CC & DESIGN (Signature C) | 3 for, *inter alia*, fragrances. | March 11, 2008 | |
| 3,251,315 | COACH EST. 1941 | 18 and 25 for, *inter alia*, handbags, small leather goods, jackets and coats. | June 12, 2007 | |
| 3,413,536 | COACH EST. 1941 STYLIZED | 14, 18 and 25 for, *inter alia*, handbags, purses, shoulder bags, tote bags, and wallets. | April 15, 2008 | |
| 3,441,671 | COACH LEATHERWARE EST. 1941 | 9, 14, 18 and 25 for, *inter alia*, handbags, leather cases, purses, and wallets. | June 3, 2008 | |
| 3,072,459 | CL STYLIZED | 18 for, *inter alia*, leather goods. | March 28, 2006 | |
| 3,187,894 | CL STYLIZED | 18 and 25 for, *inter alia*, leather goods and clothing. | December 12, 2006 | |
| 1,664,527 | THE COACH FACTORY STORE & LOZENGE DESIGN | 42 for, *inter alia*, retail services for leather ware. | November 12, 1991 | |
| 3,338,048 | COACH STYLIZED | 18 for, *inter alia*, luggage, backpacks and shoulder bags | November 11, 2007 | |
| 3,149,330 | C & LOZENGE LOGO | 9, 14, 16 and 25 for, *inter alia*, desk accessories, clothing and eyeglasses. | September 26, 2006 | |
| 2,162,303 | COACH & TAG DESIGN | 25 for, *inter alia*, clothing. | June 2, 1998 | |

8

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,088,707 | COACH & TAG DESIGN | 18 for, *inter alia*, accessory cases, backpacks and satchels. | August 19, 1997 | |

15.   These registrations are valid, subsisting in full force and effect, and have become incontestable pursuant to 15 U.S.C. § 1065[1].

16.   The registration of the Coach Trademarks constitutes *prima facie* evidence of their validity and conclusive evidence of Coach's exclusive right to use the Coach Trademarks in connection with the goods identified therein and other commercial goods.

17.   The registration of the marks also provides sufficient notice to Defendants of Coach's ownership and exclusive rights in the Coach Trademarks.

18.   The Coach Trademarks qualify as famous marks, as that term is used in 15 U.S.C. § 1125(c)(1).

19.   The Coach Trademarks at issue in this case have been continuously used and have never been abandoned.

20.   Coach is the owner of a variety of unique and distinctive trade dresses consisting of a combination of one or more features, including sizes, shapes, colors, designs, fabrics, hardware, hangtags, stitching patterns and other non-functional elements comprising the overall look and feel incorporated into Coach products (the "Coach Trade Dresses").

21.   Consumers immediately identify Coach as the single source of high quality products bearing the Coach Trade Dresses.

---

[1] All registrations originally held in the name of Coach's predecessors, Sara Lee Corporation and Saramar Corporation, were assigned in full to Coach on or about October 2, 2000.

22.   The Coach Trade Dresses associated with Coach products are independent of the functional aspects of Coach products.

23.   Coach has employed the Coach Trade Dresses associated with its products exclusively and without interruption, and the Coach Trade Dresses have never been abandoned.

### The Coach Design Elements Copyrights

24.   Many of the decorative and artistic combinations of the design elements present on Coach products are independently protected works under the United States Copyright Act.  These design elements, including Coach's unique storypatch, are wholly original works and fixed in various tangible products and media, thereby qualifying as copyrightable subject matter under 17 U.S.C. § 101 *et seq.* (collectively, the "Coach Design Elements").

25.   Coach has a valid copyright registered with the Copyright Office for its "Signature C" design, with registration number VA0001228917.

26.   At all times relevant hereto, Coach has been the sole owner and proprietor of all right, title, and interest in and to the copyright in the "Signature C" design used on Coach products, and such copyright is valid, subsisting and in full force and effect.

### Defendants' Acts of Infringement and Unfair Competition

27.   Upon information and belief, Defendants are engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks, the Coach Trade Dresses and the Coach Design Elements (collectively, the "Infringing Products").

28.   Defendants prominently display counterfeit Coach handbags as an enticement to attract tourists and other potential customers on the Atlantic City Boardwalk to its business.  At least 50 counterfeit Coach handbags of various styles are offered for sale at any

10

given time.  Defendant Ocean Point also displays and offers for sale a variety of counterfeit Coach wallets.

29.  On or about July 13, 2009, an investigator of the firm ISC Associates, LLC, purchased a beige and brown wallet at Defendant Ocean Point Gifts for $12.99.  The wallet bore on its exterior the "Coach & Lozenge Design" Coach Trademark and the "Signature C" Coach Trademark and copyrighted Coach Design Element.  The leather on the interior is embossed with the "Coach & Lozenge Design" Coach Trademark.

30.  To further the illusion of authenticity, the wallet contained informational paper inserts including a card which bore the title, "The Coach Signature Collection", which includes care instructions for the wallet and contact information for Coach Consumer Service, and a Coach brochure, entitled "An American Classic," describing the history of Coach's handbag collection, recommending the proper care of Coach handbags and providing contact information for Coach Consumer Service and corporate offices.

31.  The wallet was examined by Coach and found to be counterfeit. Specifically, the interior lining of the examined wallet is not manufactured or used by Coach in the production of authentic Coach merchandise.  The hardware (snap closure) on the examined wallet is not that which is used by Coach in the production of authentic Coach merchandise.  The informational paper inserts found on the interior of the wallet appear to be copies of authentic Coach wallet inserts.  The stitching on the wallet is inconsistent with the stitching found on comparable authentic Coach products.  The overall quality and craftsmanship of the examined wallet does not meet Coach's high quality standards.  The average manufacturer's suggested retail price for an authentic Coach wallet is approximately $200.00, and not $12.99.

11

32.  Defendants are well aware of the extraordinary fame and strength of the Coach Brand, the Coach Trademarks, the Coach Trade Dresses and the Coach Design Elements, and the incalculable goodwill associated therewith.

33.  Defendants have no license, authority or other permission from Coach to use any of the Coach Trademarks, the Coach Trade Dresses, or the Coach Design Elements in connection with the designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale of the Infringing Products.

34.  Defendants have been engaging in the above-described illegal counterfeiting and infringing activities knowingly and intentionally, or with reckless disregard or willful blindness to Coach's rights, or with bad faith, for the purpose of trading on the goodwill and reputation of the Coach Marks and Coach products.

35.  Defendants' activities, as described above, are likely to create a false impression, or to deceive consumers, the public, and the trade into believing, that there is a connection or association between the Infringing Products and Coach.

36.  Upon information and belief, Defendants intend to continue to design, manufacture, advertise, promote, import, distribute, sell, and/or offer for sale the Infringing Products unless otherwise restrained.

37.  Coach has and will suffer irreparable injury and damages as a result of Defendants' activities, and Plaintiff Coach has no adequate remedy at law.

## COUNT I
### (Trademark Counterfeiting, 15 U.S.C. § 1114)

38.  Coach repeats and realleges the allegations set forth in paragraphs 1 through 37 as if set forth at length herein.

39.   Defendants, without authorization from Coach, have used and are continuing to use counterfeit marks or spurious designations that are identical to, or substantially indistinguishable from, the Coach Trademarks.

40.   The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that Defendants' Infringing Products are genuine or authorized products of Coach.

41.   Upon information and belief, Defendants have acted with knowledge of Coach's ownership of the Coach Trademarks and with deliberate intent or willful blindness to unfairly benefit from the incalculable goodwill inherent in the Coach Marks.

42.   Defendants' acts constitute trademark counterfeiting in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

43.   Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not entitled in law or equity.

44.   Upon information and belief, Defendants intend to continue their infringing acts unless restrained by this Court.

45.   Defendants' acts have damaged and will continue to damage Coach.

46.   Coach has no adequate remedy at law.

## COUNT II
### (Trademark Infringement, 15 U.S.C. § 1114)

47.   Coach repeats and realleges the allegations set forth in paragraphs 1 through 46 as if set forth at length herein.

13

48. Defendants, without authorization from Coach, have used and are continuing to use counterfeit marks or spurious designations that are identical to, or substantially indistinguishable from, the Coach Trademarks.

49. The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendant's Infringing Products originate from, or are affiliated with, sponsored by, or endorsed by Coach.

50. Upon information and belief, Defendants have acted with knowledge of Coach's ownership of the Coach Trademarks and with deliberate intent or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

51. Defendants' acts constitute trademark infringement in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

52. Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not entitled in law or equity.

53. Upon information and belief, Defendants intend to continue their infringing acts unless restrained by this Court.

54. Defendants' acts have damaged and will continue to damage Coach.

55. Coach has no adequate remedy at law.

## COUNT III
### (Trade Dress Infringement, 15 U.S.C. § 1125(a))

56. Coach repeats and realleges the allegations set forth in paragraphs 1 through 55 as if set forth at length herein.

57. The Coach Trade Dresses are used in commerce, non-functional, inherently distinctive, and have acquired secondary meaning in the marketplace.

58.  Upon information and belief, Defendants, without authorization from Coach, have designed, manufactured, advertised, promoted, distributed, sold and/or offered for sale, and/or are causing to be designed, manufactured, advertised, promoted, distributed, sold, and/or offered for sale, products which contain a collection of design elements that is confusingly similar to the Coach Trade Dresses.

59.  The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public or the trade who recognize and associate the Coach Trade Dresses with Coach.  Moreover, Defendants' conduct is likely to cause confusion, to cause mistake, or to deceive consumers, the public or the trade as to the source of the Infringing Products, or as to a possible affiliation, connection or association between Coach, the Defendants and the Infringing Products.

60.  Upon information and belief, Defendants have acted with knowledge of Coach's ownership of the Coach Trade Dresses and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

61.  Defendants' acts constitute trade dress infringement in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

62.  Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not entitled in law or equity.

63.  Upon information and belief, Defendants intend to continue their infringing acts unless restrained by this Court.

64.  Defendants' acts have damaged and will continue to damage Coach.

65.  Coach has no adequate remedy at law.

15

## COUNT IV
### (False Designation of Origin and False Advertising, 15 U.S.C. § 1125(a))

66. Coach repeats and realleges the allegations set forth in paragraphs 1 through 65 as if set forth at length herein.

67. Defendants' promotion, advertising, distribution, sale and/or offering for sale of the Infringing Products, together with Defendants' use of other indicia associated with Coach, is intended or is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of the Infringing Products, or is intended, or is likely to cause such parties to believe in error that the Infringing Products have been authorized, sponsored, approved, endorsed or licensed by Coach, or that Defendants are in some way affiliated with Coach.

68. The foregoing acts of Defendants constitute false designation of origin or false and misleading descriptions and representations of fact, all in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

69. Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not entitled in law or equity.

70. Upon information and belief, Defendants intend to continue their infringing acts unless restrained by this Court.

71. Defendants' acts have damaged and will continue to damage Coach.

72. Coach has no adequate remedy at law.

## COUNT V
### (Trademark Dilution, 15 U.S.C. § 1125(c))

73. Coach repeats and realleges the allegations set forth in paragraphs 1 through 72 as if set forth at length herein.

74. The Coach Trademarks are strong and distinctive marks that have been in use for many years and have achieved enormous and widespread public recognition.

75. The Coach Trademarks are famous within the meaning of Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

76. Defendants' use of the Infringing Products, without authorization from Coach, is diluting the distinctive quality of the Coach Trademarks and decreasing the capacity of such marks to identify and distinguish Coach products.

77. Defendants have intentionally and willfully diluted the distinctive quality of the famous Coach Trademarks in violation of Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

78. Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not entitled in law or equity.

79. Upon information and belief, Defendants intend to continue their infringing acts unless restrained by this Court.

80. Defendants' acts have damaged and will continue to damage Coach.

81. Coach has no adequate remedy at law.

## COUNT VI
**(Copyright Infringement, 17 U.S.C. § 501)**

82. Coach repeats and realleges the allegations set forth in paragraphs 1 through 81 as if set forth at length herein.

83. Many of the Coach Design Elements contain decorative and artistic combinations that are protected under the Copyright Act.

84. Coach has a valid, registered copyright in the "Signature C" design.

17

85. Upon information and belief, Defendants had access to and copied the "Signature C" design and other Coach Design Elements present on Coach products.

86. Defendants intentionally infringed Coach's copyrights in the "Signature C" design and other Design Elements present on Coach products by creating and distributing the Infringing Products, which incorporate elements substantially similar to the copyrightable matter present in the "Signature C" and other Design Elements embodied on Coach products, without Coach's consent or authorization.

87. Defendants have infringed Coach's copyrights in violation of 17 U.S.C. § 501 *et seq.*

88. Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not entitled in law or equity.

89. Upon information and belief, Defendants intend to continue their infringing acts unless restrained by this Court.

90. Defendants' acts have damaged and will continue to damage Coach.

91. Coach has no adequate remedy at law.

## COUNT VI
### (Trademark Counterfeiting, N.J.S.A § 56:3-13.16)

92. Coach repeats and realleges the allegations set forth in paragraphs 1 through 91 as if set forth at length herein.

93. Defendants have used, without Coach's consent, reproductions, counterfeits, copies, or colorable imitations of Coach's Trademarks in connection with the sale, distribution, offering for sale or advertising of the Infringing Products, which are likely to cause confusion, mistake or to deceive consumers, the public or the trade as to their source or origin.

94. The foregoing acts of Defendants constitute trademark counterfeiting in violation of N.J.S.A. § 56:3-13.16.

95. Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not entitled in law or equity.

96. Upon information and belief, Defendants intend to continue their infringing acts unless restrained by this Court.

97. Defendants' acts have damaged and will continue to damage Coach.

98. Coach has no adequate remedy at law.

## COUNT X
### (Unfair Competition N.J. S.A. § 56:4-1 *et seq.*)

99. Coach repeats and realleges the allegations set forth in paragraphs 1 through 98 as if set forth at length herein.

100. The foregoing acts of Defendants constitute unfair competition in violation of N.J.S.A. § 56:4-1.

101. Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not entitled in law or equity.

102. Defendants are liable to Plaintiffs for all damages, whether direct or indirect, for the misappropriation of Plaintiffs' name, brand, trademark, reputation and goodwill, which damages are subject to trebling.

103. Upon information and belief, Defendants intend to continue their infringing acts unless restrained by this Court.

104. Defendants' acts have damaged and will continue to damage Coach.

105. Coach has no adequate remedy at law.

## COUNT XI
### (Unjust Enrichment)

106. Coach repeats and realleges the allegations set forth in paragraphs 1 through 105 as set forth at length herein.

107. The acts complained of above constitute Defendants' unjust enrichment at Coach's expense, in violation of the common law of the State of New Jersey.

**WHEREFORE,** Coach respectfully requests that this Court enter judgment against Defendants as follows:

A. Finding that: (i) Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114), Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) and Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)); (ii) Defendants have violated Section 501 of the Copyright Act of 1976 (17 U.S.C. § 501); (iii) Defendants have trafficked in counterfeit marks in violation of N.J.S.A. § 56:3-13.16; (iv) Defendants have engaged in unfair competition in violation of N.J.S.A. § 56:4-1 *et seq.*; and (v) Defendants have been unjustly enriched in violation of New Jersey common law;

B. Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116, 17 U.S.C. § 502, N.J.S.A. § 56:3-13.16(d) and N.J.S.A. § 56:4-2, preliminarily and permanently restraining and enjoining Defendants, their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them from:

1. manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear the Coach Trademarks, the Coach Trade Dresses, and/or the Coach Design Elements, or any other mark or design element substantially similar or confusing thereto, including, without limitation, the

20

Infringing Products, and engaging in any other activity constituting an infringement of any of Coach's rights in the Coach Trademarks, the Coach Trade Dresses, and/or the Coach Design Elements;

2. engaging in any other activity constituting unfair competition with Coach, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Coach; and

3. engaging in any other activity that will cause the distinctiveness of the Coach Trademarks or Coach Trade Dresses to be diluted;

C. Requiring Defendants to recall from any distributors and retailers and to deliver to Coach for destruction or other disposition all remaining inventory of all Infringing Products, including all advertisements, promotional and marketing materials therefor, as well as the means of making same;

D. Requiring Defendants to file with this Court and to serve on Coach within thirty days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

E. Directing such other and further relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any product at issue in this action that has been manufactured, imported, advertised, marketed, promoted, supplied, distributed, offered for sale, or sold by Defendants has been authorized by Coach, or is related in any way with Coach and/or its products;

F. Awarding Coach statutory damages of $2,000,000 per counterfeit mark per type of Infringing Products in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117)

or alternatively, ordering Defendants to account to and pay to Coach all profits realized by their wrongful acts, awarding Coach its actual damages, and directing that such profits or actual damages be trebled in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117) and N.J.S.A. §§ 56:3-13.16(d) and 56:4-2;

G. Awarding Coach statutory damages or in the alternative its actual damages suffered as a result of the copyright infringement, and any profits of Defendants not taken into account in computing the actual damages, pursuant to 17 U.S.C. § 504;

H. Awarding Coach punitive damages to which it is entitled under applicable federal or state laws;

I. Awarding Coach its costs, attorney's fees, investigatory fees and expenses to the full extent provided by Section 35 of the Lanham Act (15 U.S.C. § 1117), Section 505 of the Copyright Act of 1976 (17 U.S.C. § 505) and N.J.S.A. § 56:3-13.16(d);

J. Awarding Coach pre-judgment interest on any monetary award made part of the judgment against Defendants; and

K. Awarding Coach such additional and further relief as the Court deems just and

proper.

Dated: August 17, 2009

STERNS & WEINROTH, P.C.

By:     /s/   Karen A. Confoy
        Karen A. Confoy
        kconfoy@sternslaw.com
        50 West State Street
        Suite 1400
        Trenton, New Jersey 08607-1298
        (609) 392-2100
        Co-Attorneys for Plaintiffs Coach, Inc.
        and Coach Services, Inc.

JONATHAN D. DAVIS, P.C.

By:
        Jonathan D. Davis
        jdd@jddavispc.com
        99 Park Avenue
        Suite 1600
        New York, New York 10016
        (212) 687-5464
        Co-Attorneys for Plaintiffs Coach, Inc.
        and Coach Services, Inc.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Coach requests a

trial by jury.

Dated: August 17, 2009

STERNS & WEINROTH, P.C.

By: /s/ Karen A. Confoy
Karen A. Confoy
kconfoy@sternslaw.com
50 West State Street
Suite 1400
Trenton, New Jersey 08607-1298
(609) 392-2100
Co-Attorneys for Plaintiffs Coach, Inc.
and Coach Services, Inc.

JONATHAN D. DAVIS, P.C.

By:
Jonathan D. Davis
jdd@jddavispc.com
99 Park Avenue
Suite 1600
New York, New York 10016
(212) 687-5464
Co-Attorneys for Plaintiffs Coach, Inc.
and Coach Services, Inc.

## **L.CIV.R. 11.2 CERTIFICATION**

The undersigned certifies that the matter in controversy in the within action is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

Dated: August 17, 2009

/s/   Karen A. Confoy
KAREN A. CONFOY
kconfoy@sternslaw.com

25